**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| INDYMAC VENTURE, LLC ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SEQUOIA'S CAUSEY VILLAGE ) <br> CONDOMINIUMS LLC, an Oregon ) <br> Limited Liability Company; ) <br> ZEUS HOLDINGS, LLC, an Oregon ) <br> Limited Liability Company; ) <br> BRIAN SNODGRASS, an individual; ) <br> DARCY LAPIER SNODGRASS, an ) <br> individual; and DARCY LAPIER ) <br> SNODGRASS, Trustee of the Darcy ) <br> Lapier Snodgrass Trust, a trust; ) <br> ) <br> Defendants. ) | **No. 09-cv-00865-HU** <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, APPROVING RECEIVER'S FINAL REPORT, DISCHARGING RECEIVER, AND CLOSING RECEIVERSHIP** |

Charles J. Ha
Jeffery D. Hermann
Paul Francis Rugani
Orrick, Herrington & Sutcliffe LLP
701 Fifth Avenue, Suite 5600
Seattle, WA 98104

Douglas E. Goe
1120 N.W. Couch Street, Suite 200
Portland, OR 97209

      Attorneys for Plaintiff

Brian Snodgrass
Darcy Lapier Snodgrass
36550 N.E. Wilsonville Road
Newberg, OR 97132

      Defendants *pro se*

Michael A. Grassmueck
Grassmueck Group
P.O. Box 3649
Portland, OR 97208

      Receiver

1 - ORDER ON PENDING MOTIONS

HUBEL, Magistrate Judge:

This matter arises from an April 25, 2006, loan made by IndyMac Bank, F.S.B. (the "Bank") to Sequoia's Causey Village Condominiums LLC ("Causey Village"), in the principal amount of $30,134,489 (the "Loan"). The Bank was closed by the Office of Thrift Supervision on July 11, 2008, and the Federal Deposit Insurance Corporation was appointed as receiver. Through a series of assignments, the Loan ultimately was acquired by the plaintiff IndyMac Venture, LLC ("IndyMac"). All of the defendants except Causey Village (collectively, the "Guarantor Defendants") signed guaranty agreements to guarantee repayment of the Loan. When the loan went into default, IndyMac brought this action for judicial foreclosure of certain real property securing the Loan, declaratory relief, and the appointment of a receiver to collect rents, issues, accounts, and profits.

IndyMac moved for appointment of a receiver, nominating Michael Grassmueck to serve as receiver. On August 25, 2010, the court granted the motion, and appointed Grassmueck as Receiver. Dkt. #85.

IndyMac moved for summary judgment against Causey Village, and on November 4, 2010, the court granted the motion and entered a General Judgment of Foreclosure. Dkt. #94. In the order, the court directed that the real property securing the Loan be sold at public auction. The court found that the amount currently due and owing to IndyMac was $14,067,539, with accrued interest of at least $2,429,376.85, and attendant fees and costs. The court retained jurisdiction over the matter to determine any deficiency remaining

2 - ORDER ON PENDING MOTIONS

after proceeds from the sale of the property were applied to the indebtedness. *See* Dkt. #94.

The property was sold at public auction on March 1, 2011, for the sum of $2,092,295. IndyMac now returns on a new motion for summary judgment, Dkt. #121, asking the court to determine the amount of the deficiency to be $16,273,576.12; to find that the Guarantor-Defendants are liable for payment of the deficiency; and to enter judgment against the defendants accordingly. *Id.* No defendant has filed a response to IndyMac's motion for summary judgment.

In addition, IndyMac moves for approval of the Receiver's final report, discharge of the Receiver, and closing the receivership. Dkt. #127. No defendant has filed a response to this motion.

The court heard oral argument on both motions on October 25, 2011. Having reviewed the motions, briefs, declarations, and exhibits, and having considered the statements of counsel at oral argument, the court rules as follows on the motions.

A.  Motion to Approve Receiver's Final Report, Discharge Receiver, and Close Receivership (Dkt. #127)

1.  IndyMac's motion for approval of the Receiver's Final Report, discharge of the Receiver, and closing of the receivership, is **granted**.

2.  The Final Report of Receiver Michael A. Grassmueck is confirmed, settled, and approved.

3.  The Receiver's fees through termination of the receivership in the sum of $8,935.50 are approved, allowed, and settled.

3 - ORDER ON PENDING MOTIONS

        4.   The fees of Moss-Adams LLP in the amount of $925.00 are approved, allowed, and settled.

        5.   All of the Receiver's acts and transactions, and all of his actions, including the actions of his employees and agents, as Receiver in this matter for the receivership period, are ratified, confirmed, and approved as being necessary, proper, and in the best interests of the receivership estate and the parties to this case.

        6.   The Receiver is directed to turn over to IndyMac all books and records of the receivership estate under his control.

        7.   No person or entity may file any lawsuit or proceeding against the Receiver, his employees or agents, in connection with this matter without first obtaining an order of this court authorizing such a lawsuit.

        8.   On payment of the fees as ordered above, the Receiver is discharged from all further duties, liabilities, and responsibilities in this matter, and the receivership is closed.

B.   Motion for Summary Judgment

        1.   IndyMac's motion for summary judgment is **granted.**

        2.   The Clerk of Court is directed to enter judgment in favor of the plaintiff IndyMac Venture, LLC, and against the defendants Zeus Holdings, LLC; Brian Snodgrass; and Darcy Lapier Snodgrass, individually and as Trustee of the Darcy Lapier Snodgrass Trust, on the plaintiff's Fifth Claim for Relief (Breach of Guaranty against the Guarantor-Defendants), and on the Guarantor-Defendants' First, Second, and Third Counterclaims.

4 - ORDER ON PENDING MOTIONS

    3.    The defendant Sequoia's Causey Village Condominiums LLC is liable to IndyMac for the legal deficiency amount of $16,273,576.12 (the "Deficiency").

    4.    The Guarantor-Defendants are obligated to guarantee, and to pay to the plaintiff, the full amount of the Deficiency.

    5.    The Clerk of Court is directed to enter judgment in favor of the plaintiff IndyMac Venture, LLC, and against all of the defendants, jointly and severally, for the full amount of the Deficiency; i.e., $16,273,576.12.

IT IS SO ORDERED.

Dated this _26th____ day of October, 2011.

/s/ Dennis J. Hubel

_____
Dennis James Hubel
Unites States Magistrate Judge

5 - ORDER ON PENDING MOTIONS